IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| BENJAMIN PRENTICE and SOPHIA FRANCIS, <br><br>    Plaintiff, <br><br>  v. <br><br>OFFICEMAX NORTH AMERICA, INC., <br><br>    Defendant. | CIVIL NO. 2009/005 <br><br>**ACTION FOR DAMAGES** <br><br><u>JURY TRIAL DEMANDED</u> |

<u>**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**</u>

**COME NOW** Benjamin Prentice and Sophia Francis ("Plaintiffs"), by and through their undersigned counsel, and hereby file their Response to Defendant Officemax North America, Inc.'s Motion to Exclude the Untimely "Rebuttal" Report of Expert Caren Goldberg and Strike it From the Record (Doc. Nos. 140-141). This Court should deny Defendant's motion because the courts of this jurisdiction commonly allow the filing of a rebuttal report addressing the issues raised in a *Daubert* motion and the rebuttal report was simply addressing the issues raised by defendant clearly Caren Goldberg would be entitled to give such testimony at a *Daubert* hearing that is in her report.

        **I.**  **Introduction**

On April 29, 2011, Defendant filed its Daubert motion against Plaintiff's expert, Caren Goldberg. *See* Def.'s Mot. in Limine to Exclude Goldberg (Doc. No. 126). In opposition to Defendant's motion, Plaintiff incorporated and filed a report that Goldberg prepared to rebut Defendant's arguments. *See* Goldberg's Rebuttal to Defendant's

LAW OFFICES OF
Rohn &
Carpenter, LLC
1101 King Street
Christiansted
VI 00820-4933
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 2

Motion In Limine to Exclude ("Rebuttal Report") (Doc. Nos. 135 & 136-2) Goldberg would have had no reason to previously give such a report as these issues had not been previously raised. Defendant now moves to strike Goldberg's Rebuttal Report pursuant to Rules 16 and 37 under the bizarre theory that an expert cannot defend the admissibility of her opinions in the face of a *Daubert* motion.

The filing of Goldberg's Rebuttal Report did not violate either the scheduling order or Rule 26 because the Rebuttal Report is not a supplemental report; instead, it is part of Plaintiff's opposition to Defendant's *Daubert* motion. Courts routinely allow a party to file such expert rebuttal reports. Indeed, Defendant has not cited a single case in which a local court excluded an expert report that merely rebutted a *Daubert* motion. Moreover, Defendants have not made a showing of extreme neglect or bad faith to justify the exclusion of Plaintiff's important expert evidence under the relevant standards.

## II. Goldberg's Rebuttal Report is a Not a Supplemental Report on the Merits; it is a Rebuttal to the *Daubert* motion.

Goldberg's Rebuttal Report should not be considered untimely under the Scheduling Order or Rule 26 because it is not her original report or an amendment or supplement to that report; instead, the Rebuttal Report was made in response to Defendants' *Daubert* motion seeking to exclude her testimony from trial. Defendant did not file that motion until after the deadline for expert disclosures under the Scheduling Order, so there was no way for Plaintiffs to provide that report any earlier.

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 3

Other judges in this jurisdiction have permitted plaintiffs to file similar expert reports rebutting *Daubert* motions outside the deadline for expert disclosures. Defendant has not cited a single case holding that a plaintiff's expert may not directly rebut a *Daubert* motion. In fact, an expert is permitted to directly refute a motion to exclude at a *Daubert* hearing, so it is only logical that an expert would be able to refute the motion on the papers. The only case that Defendant cites in support of its motion is distinguishable. In *Frolow v. Wilson Sporting Goods*, No. 3:05-cv-04813-FLW, 2008 U.S. Dist. LEXIS 27176, at * 29 (D.N.J. March 31, 2008), the plaintiff filed an initial expert report and a supplemental expert report. Thereafter, the plaintiff filed a third expert report as an attachment to the plaintiff's opposition to a motion for summary judgment. The third expert report in *Frolow* was not offered merely to rebut allegations in a *Daubert* motion; instead, the third report refuted the opinions of the defendant's expert for the purposes of summary judgment on the merits. *Id*. Thus, Defendant has offered no authority mandating the exclusion of Goldberg's Rebuttal Report, so the Court should deny Defendant's motion.

**III.     Courts in this Jurisdiction Prefer Not to Exclude Important Evidence on the Basis of Timeliness Without a Showing of Extreme Neglect or Bad Faith.**

Assuming *arguendo* that the filing of Goldberg's Rebuttal Report was untimely under Rules 16 or 26, which Plaintiffs dispute, Defendant has not weighed the relevant factors for excluding this important expert evidence. The Third Circuit has "'a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony.'" *Mercedes Benz USA, LLC v.*

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 4

*Coast Auto. Group Ltd.*, No. 99-3121 (WHW), 2008 U.S. Dist. LEXIS 72172, at *7 (D.N.J. September 23, 2008) (slip op.) (quoting *ABB Air Preheater v. Regenerative Envtl. Equip. Co.*, 167 F.R.D. 668, 671 (D.N.J. 1996)). As one has explained,

> The exclusion of otherwise admissible testimony because of a party's failure to meet a timing requirement is a harsh measure to be avoided where possible. . .  However, sometimes, such exclusion is necessary; fidelity to the constraints of Scheduling Orders and deadlines is critical to the Court's case management responsibilities. . . . Accordingly, the "flouting of discovery deadlines causes substantial harm to the judicial system." *. . .* As a sanction for failure to comply with a timing requirement set by the Scheduling Order in this case, the Court is authorized to exclude evidence proffered by the disobedient party. . . .However, the Court also acknowledges that unreasonable adherence to such deadlines, without regard to whether a party was justified for its actions, runs counter to the dominant interest in the trial process, *i.e.,* ascertaining the truth. These competing considerations are properly resolved by the Court in exercising its discretion. *. . .*

*Finch v. Hercules Inc.*, No. 92-251 MMS, 1995 U.S. Dist. LEXIS 19805, *28 (D. Del. Dec. 22, 1995) (not for publication) (citations omitted) (precluding a party from introducing a witness and documents at trial when neither were disclosed in discovery despite ample opportunity to do so.)

"[F]our factors  . . . are helpful in deciding what is harmless under Rule 37(c)(1): (1) prejudice or surprise to party against whom evidence is offered; (2) ability of party to cure prejudice; (3) likelihood of disruption to trial; and (4) bad faith or willfulness involved in not complying with the disclosure rules." *Mercedes Benz USA LLC,* , 2008 U.S. Dist. LEXIS 72172 at *7), *citing Newman*, 60 F.3d at 156 (*citing Bronk v. Ineichen*,

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 5

54 F.3d 425, 432 (7th Cir. 1995)).  In addition, Third Circuit courts must also consider the importance of the evidence to the proffering party's case. *AstraZeneca AB v. Mut. Pharm. Co.*, 278 F. Supp. 2d 491, 504 (E.D. Pa. 2003) (*citing Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904 (3d Cir. 1977), o*verruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985), *aff'd*, 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987));  *see also In re TMI Litigation*, 193 F.3d 613, 721 (3d Cir. 1999) (*Myers* analytical framework is appropriate for analysis under Rule 37).  The above factors support allowing Plaintiff to rely upon Goldberg's Rebuttal Report in opposing Defendant's *Daubert* motion.

### A. Plaintiff Did Not File the Rebuttal Report in Bad Faith or Extreme Neglect, and None of the Other Relevant Factors Support Exclusion.

The five factors recited above do not support the exclusion of Goldberg's Rebuttal Report. First, Defendant has not suffered any surprise or prejudice from the filing of Goldberg's Rebuttal Report.  The Rebuttal Report does not alter Goldberg's previous opinions; instead, it only addresses issues raised by Defendant's *Daubert* motion.

Second, even if Defendants can demonstrate any prejudice, which they have not, such prejudice can easily be cured when Defendant files its reply in support of its *Daubert* motion and at the *Daubert* hearing, if the Court decides to hold one.

Third, because Goldberg's Rebuttal Report was e-filed on May 27, 2011, Defendants' concerns can be addressed without any disruption to the trial proceedings in this matter.

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 6

Fourth, Defendant has not shown that Plaintiff willfully filed the report late or had any bad faith in trying to oppose Defendant's *Daubert* motion. In fact, as explained above, Plaintiff acted in good faith. Defendant admits that Plaintiff filed Goldberg's substantive reports on time under the Scheduling Order and that Plaintiff filed Goldberg's Rebuttal Report before the expiration of the deadline for Plaintiff's opposition to the motion to exclude.

Fifth, the evidence at issue is important to Plaintiff's case. By its motion to exclude Goldberg's testimony, Defendant is seeking to preclude Plaintiff from offering expert testimony regarding Defendant's liability for its conduct. Goldberg's Rebuttal Report is important to Plaintiff's ability to fully oppose Defendants' *Daubert* motion. In short, there is none of the "extreme neglect or bad faith" here that would justify the exclusion of Goldberg's Rebuttal Report.

**IV.   In the Alternative, the Court Should Modify the Deadline for the Filing of Goldberg's Rebuttal Report or Hold a *Daubert* Hearing to Consider Goldberg's Rebuttal Via Testimony.**

If the Court is inclined to agree with Defendant's motion, then Plaintiff hereby requests either an extension of time under LRCi 7.1(e)(1) so that the Court may consider Plaintiff's May 27, 2010 filing of Goldberg's Rebuttal Report relating to Defendant's *Daubert* motion or a *Daubert* hearing at which time the Court may receive Goldberg's testimony rebutting the motion.

**V**.   **Conclusion**

Excluding Goldberg's Rebuttal Report would be unfair considering the

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 7

circumstances under which it was filed and Plaintiff's good faith effort to oppose Defendant's *Daubert* motion. Although it is important for the parties to abide by the deadlines in the Court's Scheduling Order and the local rules, the law of this jurisdiction prefers for important matters to be decided on the merits rather than on technicalities. As such, Plaintiff respectfully requests that the Court deny Defendant's Motion to Strike or, in the alternative, grant Plaintiff an extension of time so that the May 27, 2011 filing is timely and considered in the resolution of Defendant's *Daubert* motion or hold a *Daubert* hearing to receive Goldberg's testimony.

        RESPECTFULLY SUBMITTED
        LAW OFFICES OF ROHN AND CARPENTER, LLC
           Attorneys for Plaintiff

DATED:  June 9, 2011        BY: ___s/ *Lee J. Rohn*_____
                                             Lee J. Rohn, Esq.
                                             VI Bar No. 52
                                             1101 King Street
                                             Christiansted, St. Croix
                                             U.S. Virgin Islands 00820
                                             Telephone: (340) 778-8855
                                             Fax: (340) 773-2954

Prentice, Benjamin & Sophia Francis v. OfficeMax North America, Inc. et al.
**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE THE UNTIMELY "REBUTTAL" REPORT OF EXPERT CAREN GOLDBERG**
Page 8

# CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on June 9, 2011, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Micol L. Morgan, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart
The Tunick Bldg.
1336 Beltjen Road, Suite 201
St. Thomas, VI  00802
   Attorney For: Office Max North America, Inc., Office Max, Inc.


BY:   s/ *Lee J. Rohn*   (dr)